IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael D. Gallman, #254546,<br><br>    Plaintiff,<br><br>v.<br><br>State of South Carolina, Department of Corrections, Evans Correctional Institution, Donnie Stonebreaker, Warden, Lieutenant Freeman,<br><br>    Defendants. | Civil Action No. 4:23-cv-2396-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Michael D. Gallman's ("Plaintiff") pro se complaint against the above-named Defendants. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

After reviewing Plaintiff's complaint, the Magistrate Judge issued a report and recommendation ("Report") on July 10, 2023, outlining the issues and recommending that the Court partially dismiss the action. Specifically, the Magistrate Judge recommends that the Court summarily dismiss all Defendants other than Defendant Freeman for failure to state a claim; that the Court summarily dismiss Defendant Evans Correctional Institution for the additional reason that it is not a "person" amenable to suit under 42 U.S.C. § 1983; that the Court summarily dismiss any alleged supervisory liability claim against Defendant Stonebreaker because no facts are alleged as to personal involvement and supervisory liability; and that the Court summarily dismiss Defendants "State of South Carolina and Department of Corrections" on the basis of Eleventh Amendment immunity. The Magistrate

Judge further recommends that all Defendants other than Freeman be dismissed without further leave to amend.

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed; however, on July 19, 2023, Plaintiff filed a "complaint," which was construed and docketed as a motion to amend. (ECF No. 21.) In a text order issued on July 20, 2023, the Magistrate Judge indicated that, "[t]o the extent Plaintiff intended the July filing to be objections to the report and recommendation, Plaintiff's filing is on the docket for the district judge's review." (ECF No. 22.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, after review, the Court agrees with the Magistrate Judge that Plaintiff's "complaint" filed on July 19, 2023, contains substantively the same allegations as the

amended complaint that has been authorized for service on Defendant Freeman. Moreover, the Court finds that Plaintiff's "complaint" does not resolve any of the deficiencies that the Magistrate Judge identified his Report, nor does it point to any legal or factual error in the Magistrate Judge's analysis. After *de novo* review, the Court finds that the Magistrate Judge fairly and accurately summarized Plaintiff's allegations and applied the correct legal principles when finding that Plaintiff's claims (aside from those alleged against Defendant Freeman) are subject to summary dismissal.

Thus, the Court hereby **adopts and incorporates the Magistrate Judge's Report (ECF No. 18)**, and for the specific reasons set forth in the Report, the Court **partially dismisses** Plaintiff's complaint, insofar as the Court dismisses Defendants "State of South Carolina, Department of Corrections, Evans Correctional Institution, [and] Donnie Stonebreaker, Warden" with prejudice, without issuance and service of process, and without further leave to amend. The action remains pending against Defendant Freeman at this time.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 20, 2023
Charleston, South Carolina