IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael D. Gallman, | ) | Civil Action No.: 4:23-2396-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lieutenant Freeman, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Michael D. Gallman ("Plaintiff"), proceeding *pro se*, filed this action alleging a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. On May 23, 2024, Defendant Freeman filed a motion to dismiss for lack of prosecution and for failure to cooperate in discovery.[1] (ECF No. 59.) In his motion, Defendant asserts that this action should be dismissed because Plaintiff was released from the custody of the South Carolina Department of Corrections on April 1, 2024, and has not informed the Court of his change of address and because Plaintiff failed to appear from his deposition.

Because Plaintiff is proceeding *pro se*, the Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the need to file a response to Defendant's motion. (ECF No. 60.) The order was returned on July 2, 2024, marked "Return to Sender." (ECF No. 62.)

Accordingly, on July 8, 2024, the United States Magistrate Judge, in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., reviewed the record and filed a Report and Recommendation ("Report"), outlining the procedural history

---

[1] Defendants State of South Carolina, South Carolina Department of Corrections, Evans Correctional Institution, and Donnie Stonebreaker were dismissed from this action in an order filed September 20, 2023. (ECF No. 33.)

and recommending that the Court grant Defendant's motion to dismiss for lack of prosecution and dismiss this action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 63.) On July 25, 2024, the Magistrate Judge's Report was returned as undeliverable. (ECF No. 66.) Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that Plaintiff has effectively abandoned this action. **Accordingly, the Court hereby adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 63), and the**

**Court grants Defendant's motion to dismiss for lack of prosecution (ECF No. 59) and dismisses this action with prejudice for failure to prosecute pursuant to Rule 41(b).**

    IT IS SO ORDERED.

                                                           /s/Bruce H. Hendricks
                                                           United States District Judge

July 29, 2024
Charleston, South Carolina